# SETTLEMENT AGREEMENT

**WHEREAS**, the real property of Luis M. Virella ("Virella") located at 611 N. Indiana Ave., Atlantic City, NJ (B: 510, L: 14) (the "Property") is subject to an October 13, 2022 final judgment of tax foreclosure in favor of TLOA of NJ, LLC ("TLOA") (Virella and TLOA together, the "Parties") under New Jersey Superior Court docket no. F-4638-22; and

**WHEREAS**, Virella filed a Chapter 13 bankruptcy petition in the Bankruptcy Court for the District of New Jersey on March 17, 2023 under docket no. 23-12179; and

**WHEREAS**, Virella filed an Adversary Complaint against TLOA under docket no. 24-01084, which was amended thereafter on March 13, 2024, and whose object was to recover the Property under §548 of the Bankruptcy Code and/or obtain a takings judgment against TLOA; and

**WHEREAS**, TLOA filed an answer to Virella's amended Adversary Complaint on July 9, 2024; and

**WHEREAS**, on October 2, 2024, the Hon. Andrew B. Altenburg, U.S.B.J. ordered the Adversary Complaint to mediation before the Hon. Michael B. Kaplan, U.S.B.J.; and

**WHEREAS**, mediation took place before the Hon. Michael B. Kaplan, U.S.B.J. on December 16, 2024; and

**WHEREAS**, Virella and TLOA have agreed to settle the Adversary Complaint upon the terms and conditions within;

**NOW, THEREFORE**, in consideration of the foregoing and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

**IT IS AGREED** as follows:

1.      The "**WHEREAS**" clauses set forth above are expressly incorporated in and form part of the terms of this Settlement Agreement.

2.      Virella shall have four months from the date this Settlement Agreement is fully executed to close the sale or refinance of the Property.

3.      Virella shall have a thirty-day grace period at the expiration of the above four-month time period within which to close the sale or refinance of the Property. There shall be no additional grace periods.

4.      TLOA shall reasonably cooperate with Virella in the sale or refinance of the Property. The Parties shall execute and file with the Superior Court of New Jersey a Consent Order vacating the final judgment of tax foreclosure on the Property. The Consent Order shall be held in escrow by counsel for Virella, and shall not be released from escrow or recorded, unless

closing on the sale or refinance of the Property occurs upon the terms and conditions in this Settlement Agreement. If the sale or refinance of the Property does not close in accordance with the terms and conditions of this Settlement Agreement, the Consent Order shall not be released from escrow or recorded, and shall be deemed null and void. In such circumstance, the Parties shall execute and file with the Superior Court of New Jersey a second Consent Order reinstating the final judgment of tax foreclosure *nunc pro tunc*.

5.  At closing of the sale or refinance of the Property, and out of the proceeds of sale or refinance, TLOA shall be paid the following sums: (a) the full redemption value of tax sale certificate no. 19-00611 calculated through the date of closing; and (b) $17,884.84, representing reimbursement for out-of-pocket expenses incurred by TLOA. Upon receipt of these sums, TLOA shall dismiss the tax foreclosure in accordance with the New Jersey Court Rules.

6.  All counsel fees awarded Virella's counsel must be satisfied under the Chapter 13 plan, however, any refinancing and/or sale which pays off the plan shall likewise satisfy the fees awarded to Virella's counsel.

7.  Virella shall dismiss the Adversary Complaint against TLOA with prejudice upon closing of the sale or refinance of the Property, or the expiration of the thirty-day grace period in Paragraph Three, whichever occurs first. Virella shall have no further recourse or rights against TLOA in Bankruptcy Court or elsewhere.

8.  Subject to the terms of this Settlement Agreement, the Parties hereby release each other from any and all known and unknown claims, demands, and causes of actions of any kind, including those which were or could have been asserted in the Adversary Complaint, from the beginning of time until the date on which this Settlement Agreement is executed.

9.  Nothing contained herein shall constitute an admission of liability. This Settlement Agreement has been entered into to avoid the time, expense, and uncertainty of continued litigation.

10.  If either Party fails to comply with any of their obligations in this Settlement Agreement, the aggrieved Party shall be entitled to enforce this Settlement Agreement in the Bankruptcy Court for the District of New Jersey or the Superior Court of New Jersey, as the case may be.

11.  This Settlement Agreement is governed by the laws of the State of New Jersey.

12.  The Parties represent and acknowledge that they have read this entire Settlement Agreement, fully understand all of its terms and effects, and are entering into this Settlement Agreement knowingly, voluntarily, and of their own free will.

13.  This Agreement may be signed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

**(THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK)**

**LUIS MICHAEL VIRELLA**

Date: 02/09/2025                         By: _Luis Michael Virella_
                                              Luis Michael Virella

**TLOA OF NJ, LLC**

Date: 02/06/2025                         By: _Leeann M. Kranmas_

                                              Leeann M. Kranmas
                                              Servicing Manager